IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-130-D

| | |
|---|---|
| SOUTHEASTERN AUTOMOTIVE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GENUINE AUTO PARTS COMPANY, )<br>and JOHN MICHAEL RIESS, II, )<br>)<br>Defendants. ) | **ORDER** |

On April 1, 2016, Genuine Auto Parts Company and John Michael Riess, II (collectively "defendants") moved to transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1404(a). See [D.E. 10]. In support, defendants note that Southeastern Automotive, Inc. ("Southeastern Automotive" or "plaintiff") seeks relief from (1) Genuine Auto Parts Company for breach of contract (count one), (2) defendants for fraud in the inducement concerning the contract between Southeastern Automotive and Genuine Auto Parts Company (count two), and (3) defendants for violating the North Carolina Unfair and Deceptive Trade Practices Act concerning the contract between Southeastern Automotive and Genuine Auto Parts Company (count three). See [D.E. 10-1] 4–19; cf. Compl. [D.E. 1-1] ¶¶ 1–77. Defendants also note that the contract between Genuine Auto Parts Company and Southeastern Automotive contains a forum-selection clause requiring any claims or disputes between the parties, pertaining, directly or indirectly, to the agreement, the loan documents or any matter arising therefrom, or the collateral or any other document executed or delivered in connection with the contract be litigated in the federal court in the Northern District of Georgia or, at the option of

Genuine Auto Parts Company, any state court located in Cobb County or Fulton County, Georgia. See [D.E. 10-2] 22 (Guaranty Support Agreement § 33(a)); see also [D.E. 10-1] 9–10 (discussing similar forum-selection clauses related to the transaction).

On May 2, 2016, plaintiff responded in opposition to defendants' motion to dismiss and motion to transfer. See [D.E. 20]. On May 19, 2016, defendants replied in support of their motion to transfer. See [D.E. 27].

Southeastern Automotive is a sophisticated business entity and is bound by the contractual terms that it reached with Genuine Auto Parts Company. See, e.g., Cara's Notions, Inc. v. Hallmark Cards, Inc., 140 F.3d 566, 567, 570–71 (4th Cir. 1998); see also Davis v. Davis, 256 N.C. 468, 471–72, 124 S.E.2d 130, 133 (1962); Williams v. Williams, 220 N.C. 806, 809–10, 18 S.E.2d 364, 366 (1942). Moreover, a district court should give a valid forum-selection clause controlling weight absent "extraordinary circumstances." Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 575 (2013). Here, the forum-selection clause is valid, and the dispute falls within the forum-selection clause. Furthermore, no extraordinary circumstances warrant refusing to enforce the forum-selection clause. See id. at 578–83. Indeed, Southeastern Automotive's arguments to the contrary are specious. Compare [D.E. 20], with [D.E. 27].

In sum, the court enforces the forum-selection clause and GRANTS defendants' motion to transfer venue under 28 U.S.C. § 1404(a) [D.E. 10]. See Atl. Marine Constr. Co., 134 S. Ct. at 578–83; Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 493–94 (E.D.N.C. 2006). The action is transferred to the United States District Court for the Northern District of Georgia, Atlanta Division. Plaintiff's motion to stay the Rule 26(f) conference [D.E. 24] is DISMISSED as moot. Defendants' motion to seal [D.E. 30] is GRANTED. The court has not addressed the other pending motions [D.E. 11, 13, 22].

SO ORDERED. This _5_ day of July 2016.

                                                              JAMES C. DEVER III
                                                              Chief United States District Judge